FACSIMILE INVOICE 04/11/2000 (2000102)

DEFENSE FINANCE AND ACCOUNTING SERVICE COLUMBUS CENTER (DFAS-CO)
COLUMBUS, OH 43218-2317

PIIN: SP0740-99-C-1004 ORDER:

INVOICE: 5033054
SUB-VOUCHER: E25013-01
DISCOUNT TERMS: 0.000% 00
INVOICE DATE: 03/14/2000
DATE RECEIVED: 03/14/2000

SHIPMENT NO.:

SHIPMENT DATE
MAR 07 2000

SHIP MODE: 5

---

REMIT TO: CAGE: 0NSZ5
CAPITAL CITY PIPES, I
CAPITAL CITY BANK

| ITEM NO. | STOCK/PART NUMBER DESCRIPTION | QUANTITY SHIP/RECD | UNIT | UNIT PRICE | EXTENDED AMOUNT |
|---|---|---|---|---|---|
| 0003 | NSN 4720-01-066-6447 | 178 | EA | $381.32 | $67,874.96 |

TOTAL INVOICED AMOUNT $67,874.96



DF 321

FIN001 FRM

FACSIMILE INVOICE 04/11/2000 (2000102)

DEFENSE FINANCE AND ACCOUNTING SERVICE COLUMBUS CENTER (DFAS-CO)
COLUMBUS, OH 43218-2317

PIIN: SP0740-99-C-1004 ORDER:

INVOICE: 5033055
SUB-VOUCHER: E25013-01
DISCOUNT TERMS: 0.000% 00
INVOICE DATE: 03/14/2000
DATE RECEIVED: 03/14/2000

SHIPMENT NO.:

SHIPMENT DATE
MAR 07 2000

SHIP MODE: 5

---

REMIT TO: CAGE: ONSZ5
CAPITAL CITY PIPES, I
CAPITAL CITY BANK

| ITEM NO. | STOCK/PART NUMBER DESCRIPTION | QUANTITY SHIP/RECD | UNIT | UNIT PRICE | EXTENDED AMOUNT |
|---|---|---|---|---|---|
| 0004 | NSN 4720-01-066-6447 | 272 | EA | $381.32 | $103,719.04 |

TOTAL INVOICED AMOUNT $103,719.04

FACSIMILE INVOICE 04/17/2000 (2000108)

DEFENSE FINANCE AND ACCOUNTING SERVICE COLUMBUS CENTER (DFAS-CO)
COLUMBUS, OH 43218-2317

PIIN: SP0740-99-C-1004 ORDER: INVOICE: 5033057
SUB-VOUCHER: E25850-01
SHIPMENT NO.: SHIPMENT DATE DISCOUNT TERMS: 0.000% 00
MAR 14 2000 INVOICE DATE: 03/20/2000
SHIP MODE: 5 DATE RECEIVED: 03/20/2000

---

REMIT TO: CAGE: ONSZ5
CAPITAL CITY PIPES, I
CAPITAL CITY BANK

| ITEM NO. | STOCK/PART NUMBER DESCRIPTION | QUANTITY SHIP/RECD | UNIT | UNIT PRICE | EXTENDED AMOUNT |
|---|---|---|---|---|---|
| 0005 | NSN 4720-01-066-6447 | 169 | EA | $381.32 | $64,443.08 |

TOTAL INVOICED AMOUNT $64,443.08

---

ELECTRONIC TRANSFER PAYMENT SUBVOUCHER PAGE 63

2000108

DFAS - COLUMBUS CENTER (DFAS-CO)
COLUMBUS, OHIO 43218-6204

PAID TO: CAPITAL CITY PIPES, I
CAGE: 0NSZ5
FIN. ORG: CAPITAL CITY BANK
FIN. RTN: 063100688

SUBVOUCHER NUMBER: CE25850-01
DSSN: 6355
TRANSACTION DATE: 17 APR 2000

CONTRACT: SP074099C1004

| CALL/ ORDER | LINE ITEM | INVOICE NUMBER | MAN PAY | TYPE PAYMENT | GROSS AMOUNT | DISC/PEN AMOUNT | NET AMOUNT |
|---|---|---|---|---|---|---|---|
| | 0005 | 5033057 | | FINAL | 64,443.08 | 0.00 | 64,443.08 |

CONTRACT TOTAL: 64,443.08

SUBVOUCHER TOTAL: 64,443.08

ACNTNG CLSFCTN: 97X4930.5CC0 26 S33-150 64,443.08



DF 324

FIN001 FRM

ELECTRONIC TRANSFER PAYMENT SUBVOUCHER PAGE 71

2000111

DFAS - COLUMBUS CENTER (DFAS-CO)
COLUMBUS, OHIO 43218-6204

PAID TO: CAPITAL CITY PIPES, I
CAGE: 0NSZ5
FIN. ORG: CAPITAL CITY BANK
FIN. RTN: 063100688

SUBVOUCHER NUMBER: CE26462-01
DSSN: 6355
TRANSACTION DATE: 20 APR 2000

CONTRACT: SP074099C1004

| CALL/ ORDER | LINE ITEM | INVOICE NUMBER | MAN PAY | TYPE PAYMENT | GROSS AMOUNT | DISC/PEN AMOUNT | NET AMOUNT |
|---|---|---|---|---|---|---|---|
| | 0004 | 5033056 | | FINAL | 27,073.72 | 0.00 | 27,073.72 |

CONTRACT TOTAL: 27,073.72

SUBVOUCHER TOTAL: 27,073.72

ACNTNG CLSFCTN: 97X4930.5CC0 26 S33-150 27,073.72

FACSIMILE INVOICE 04/20/2000 (2000111)

DEFENSE FINANCE AND ACCOUNTING SERVICE COLUMBUS CENTER (DFAS-CO)
COLUMBUS, OH 43218-2317

PIIN: SP0740-99-C-1004 ORDER:

INVOICE: 5033056
SHIPMENT NO.: SHIPMENT DATE SUB-VOUCHER: E26462-01
MAR 14 2000 DISCOUNT TERMS: 0.000% 00
SHIP MODE: 5 INVOICE DATE: 03/20/2000
DATE RECEIVED: 03/20/2000

REMIT TO: CAGE: ONSZ5
CAPITAL CITY PIPES, I
CAPITAL CITY BANK

| ITEM NO. | STOCK/PART NUMBER DESCRIPTION | QUANTITY SHIP/RECD | UNIT | UNIT PRICE | EXTENDED AMOUNT |
|---|---|---|---|---|---|
| 0004 | NSN 4720-01-066-6447 | 71 | EA | $381.32 | $27,073.72 |

TOTAL INVOICED AMOUNT $27,073.72



FIN001.FRM

DF 326

**Griffin, Howard (Tony) A**

**From:** henryc [henryc@alltel.net]
**ent:** Friday, August 11, 2000 12:41 PM
**:** Howard_Griffin@dscc.dla.mil
**ubject:** conversation with Phil Cover concening contract#SP0740-99-c-1004

Dear Mr. Griffin:

In reference to our telephone conversation on friday August 11,2000 concerning the modification for contract # spo740-99-c-1004,for change of remittance address was submitted on july,1999 to Ms.Luich,letter verifying info is being faxed. Mr. Griffin in the month of september a modification was receivedsigned by miss,or mrs Jeffries, Mr. Griffin C&S Industrial started talking to a gentlemen by the name Phil Covers In reference to payment after the first payment was made to Capital City Pipes and C&S indicated that payment should have gone to Old Kent Bank in Michigan, so he asked for information concerning the remit to address and faxed a copy of the modificationfor him to review and rèviewing the modification he indicated that it had not been changed in the system and he would input the modification in the system and not to worry, a couple of weeks later we called again to check on payment status and determined that payment had gone out to capital city pipes again,so we calledmr Phil cover again and he stated again that this would happen again and he would retrieve our funds from capital city pipes, a few weeks went by again and wecalled to check on status of payment with cover and indicated that he could not help and that the money was sent to Capital City Pipes and asked about what was indicated to our company about the modification and solving the problem he only restated that the money was sent capital and it was nothing else he could do. so I met with Mr. Michal Taylor in the mont of July and met with Phil Cover and restated everything to him in the presence of Mr. Taylor and nothing was refuted what I had said. Mr. Griffin if there is any more information that I can proved please let me know.

Respectfully

Henry Cook(C&S Industrial Supply

F000065

**DEFENSE LOGISTICS AGENCY**
DEFENSE SUPPLY CENTER, COLUMBUS
POST OFFICE BOX 3990
COLUMBUS, OH 43216-5000

IN REPLY
REFER TO **DSCC-DU**

**29 AUG 2000**

Small Business Administration (SBA)
North Florida District Office
Attn: Mr. Wilfredo J. Gonzalez, District Director
7825 Baymeadows Way, Suite 100-B
Jacksonville, FL 32256-7504

Mr. Gonzalez:

I wish to express my concern about the unethical practices of Capital City Pipes, Inc., an 8(a) Program participant in your portfolio that has several contracts with the Defense Supply Center, Columbus (DSCC). For whatever reason, Mr. Lee Gilliam, Capital City Pipes' CEO has failed to pay his suppliers some $ 500,000, resulting in a Congressional Inquiry and a Claim being filed against the Government. About six weeks ago I spoke with Ms. Francine Parks on this matter and advised her that we would no longer set-aside 8(a) opportunities for Mr. Gilliam's firm if the firm persisted with its failure to pay its suppliers. Ms. Parks indicated that she would follow-up with the firm, however, the matter has gone from bad to worst.

I have attached several documents, detailing the various circumstances and issues surrounding this matter. On behalf of DSCC, I am requesting the assistance of your office in holding Capital City Pipes accountable for its responsibility to honor and pay its lawful debts as an 8(a) Program participant, receiving Federal funds and support. I'm looking for your support in bringing this matter to a speedy resolution.

Sincerely,

HOWARD A. (Tony) GRIFFIN, SR.
Director of Small and Disadvantaged Utilization



Federal Recycling Program Printed on Recycled Paper

DE. .NSE LOGISTICS AGENCY
DEFENSE SUPPLY CENTER, COLUMBUS
POST OFFICE BOX 3990
COLUMBUS, OH 43216-5000

IN REPLY REFER TO DSCC-LECC

October 02, 2000

FACSIMILE TRANSMITTAL LETTER

Mr. Mark E. Hills
Varnum, Riddering, Schmidt, & Howlett

FAX: 616-336-7000

Dear Mr. Hills:

Reference your letter dated August 25, 2000 relative to Contract SP0740-99-C-1004.

Contract SP0740-99-C-1004 was awarded to Capital City Pipes, Inc. (Capital City) on June 29, 1999. The remittance address in the original contract was stated as Capital City Pipes, Inc., PO Box 12368, Tallahassee, FL. Modification P00001 was issued on September 27, 1999 to change the remittance address to Old Kent Bank, Corp Trust. Because our computer system was not changed to reflect this revised remittance address, the Defense Finance and Accounting Service (DFAS) remitted payment to the original remittance address stated in the contract. Inasmuch as we did not hear from Capital City (our prime contractor), we assumed payment was received satisfactorily. Further, since we did not hear from Capital City that payment was **not** received, we believe we have discharged our legal obligations under this contract.

If you have any further questions relative to this issue, feel free to contact me at (614)692-3971.

Sincerely,

Shirley Spratt

SHIRLEY SPRATT
Contracting Officer
DSCC-LECC

F000123



Federal Recycling Program Printed on Recycled Paper

FLEXFAB® DIVISION
A MEMBER OF THE FHI® FAMILY
FLEXFAB HORIZONS INTERNATIONAL, INC
MITTED TO EXCELLENCE IN ENGINEERED ELASTOMERIC PRODUCTS SINCE 1961
ISO 9001 & QS 9000 REGISTERED CERT. #95-031

May 30, 2001

Ms. Shirley Spratt
Contracting Officer
Defense Supply Center, Columbus
P.O. Box 3990
Columbus, OH 43216-5000

RE: Contract SP0740-99-C-1004
Claim for Decision by Contracting Officer pursuant to 41 U.S.C. § 605

Dear Ms. Spratt:

Pursuant to the terms of the Contract Disputes Act, 41 U.S.C. §601, *et. seq*., Flexfab, L.L.C. hereby claims the sum of $452,031.60 as a result of the United States' failure to make proper payments in the processing of the above referenced contract. In this regard, I am attaching the following items:

a. A copy of Contract SP0740-99-C-1004
b. A copy of Contract Modification P00001
c. Copies of the pertinent Flexfab invoices and documentation
d. Affidavit of Henry Cook relating to the administration of the above contract
e. Your letter of October 2, 2000 to Flexfab's counsel, Mark E. Hills, in this matter

As you will recall from your previous review of this matter, the Contract Modification, P00001, was issued to insure that payments on the above contract were made to an escrow account at Old Kent Bank in Grand Rapids, Michigan. For some reason, that modification was never entered in the DSCC's computer system. As a result, DSCC has previously indicated that it had no knowledge that the modification was intended to benefit Flexfab.

The Affidavit of Henry Cook, however, demonstrates his repeated telephone conversations with DSCC employees regarding both Flexfab's requirement that payments be made to the escrow account and the repeated complaints lodged with DSCC when the payments were not being properly processed by DSCC. On each occasion, Mr. Cook was promised by the DSCC employees that the payment errors would be corrected and that payments would be made pursuant to the Contract Modification. There appears to be,

F000082



1843 Gun Lake Road • Hastings, Michigan U.S.A. 49058 • TEL: (616) 945-2433 • FAX: (616) 945-4802

therefore, no basis for DSCC to assert that it was unaware of the Modification being instituted for Flexfab's benefit.

Instead of those commitments being fulfilled by DSCC, the payment modification was never implemented and payments were made to the prime contractor, Capital City Pipes, Inc. Based on the foregoing, Flexfab respectfully requests that you review your file and the enclosed information and render a timely final decision on the instant claim for payment under the Contract, pursuant to 41 U.S.C. § 605(a).

Finally, as Vice President/General Manager of Flexfab, L.L.C., I am duly authorized to certify that this claim is made in good faith, the supporting data is accurate and complete to the best of Flexfab's knowledge and belief through the date of this claim, and the amount requested ($452,031.60) accurately reflects the contract adjustment for which Flexfab believes the United States is liable.

I would be most appreciative if you would direct any inquiries regarding this claim to Mark E. Hills, counsel for Flexfab, L.L.C.

Very truly yours,

FLEXFAB, L.L.C.

Paul Timmons, Vice President/General Manager

F000083

DEFENSE LOGISTICS AGENCY
DEFENSE SUPPLY CENTER, COLUMBUS
POST OFFICE BOX 3990
COLUMBUS, OH 43216-5000

IN REPLY REFER TO DSCC-LDAC

JUN 27 2002

Mr. Mark E. Hills
Varnum, Riddering, Schmidt, & Howlett
Bridgewater Place
P.O. Box 352
Grand Rapids, MI 49501-0352

Re: Your client, Flexfab LLC and Contract SP0740-99-C-1004

Dear Mr. Hills:

This is in response to your request for payment under Contract SP0740-99-C-1004 ("the contract"). At the outset, it should be noted that your proposed indemnification agreement raised an issue as to the relationship between and identities of:

- Your client (apparently Flexfab LLC),
- Flexfab, Inc.,
- The second-tier subcontractor under the subject contract,
- Flexfab Horizons, International, Inc., Flexfab Division, and
- Flexfab Moxness, LLC (Division of Flexfab Horizons).

These various entities have overlapping addresses and CAGE codes. As a result, we are unable to determine who was the actual second-tier subcontractor under the subject contract, and who, if anyone, has the right to bring suit on that entity's behalf.

Despite the uncertainty as to the identity of the second tier subcontractor, I will address the other issues associated with your request for payment. My references to "Flexfab," below, are to the second tier subcontractor, whoever that may be.

Flexfab has requested payment in the amount of $452,031.60 as a third party beneficiary under contract SP0740-99-C-1004 ("the contract"), entered into by Capital City Pipes, Inc. (Capital) and the Defense Supply Center, Columbus, a primary level field activity of the Defense Logistics Agency, an agency of the United States Government.

The primary issue is whether Flexfab is a third party beneficiary to the contract. A person is a third party beneficiary to a contract when the intention of the contracting parties is to confer a benefit under the contract to that third party. Schuerman v. U.S., 30 Fed. Cl. 420 (1994). In this case, I have determined that Flexfab is not a third party beneficiary to the contract for the reasons set forth below.

F000124

It is clear that the Government did not intend to make Flexfab a third party beneficiary to the contract because the contract does not evidence any intention to benefit Flexfab. There is only evidence of an intention to allow Capital to change the payment address for payments by check. The contract does not evidence any intention to direct payments to C&S Industrial Supply, (C&S), the first tier subcontractor, or to Flexfab.

There is also insufficient evidence to conclude that Capital intended Flexfab to receive payments as a third party beneficiary. (1) Capital never expressed any intention to benefit Flexfab or C&S to the Contracting Officer. (2) Neither the modification nor the requests by Capital for the modification make any reference to Flexfab or C&S. (3) After Capital began to receive payments under the contract, they still made no effort to redirect them. While C&S contacted DFAS and the DSCC small business office to allege that Capital wanted payments directed to Flexfab and C&S, Capital never expressed that intention. C&S, despite its repeated contacts, could not put the Government on notice of an intention on the part of Capital. (4) Capital knew or should have known that the Government had the option to pay by either electronic fund transfer (EFT) or check. FAR 52.232-33 (Aug 1996). Capital was required to register in the Central Contractor Registration (CCR) in order to be eligible for award. DFARS 252.204-7004 (Mar 1998). Capital did register in the CCR. Capital did not change its payment information in the CCR. And, Capital knew or should have known that the Government had the right to rely on the information in the CCR to make payments. DFARS 252.204-7004 (Mar 1998). (5) But, even if Capital believed that the modification would change the CCR information, Capital submitted an incorrect routing number, omitting one number in the modification request. There is no way for me to know whether Capital did so intentionally or by mistake. And, it clearly is not sufficient evidence of an intention to make Flexfab or C&S a third party beneficiary to the contract.

You have submitted a copy of an escrow agreement as evidence that Capital intended to benefit Flexfab and C&S. However, Capital is not a party to the escrow agreement. It is an agreement between C&S and Flexfab. Again, this does not support a conclusion that Flexfab or C&S was a third party beneficiary to the contract.

The Government did not intend to benefit Flexfab or C&S. And, for all of the foregoing reasons, I cannot conclude that Capital intended to benefit Flexfab or C&S. Therefore, I am, hereby, denying your request for $452,031.60

Flexfab was not a party to the contract. And, since it is my conclusion that Flexfab is not a third party beneficiary to the contract, I conclude that Flexfab neither has rights under the Tucker Act to appeal this decision to the U.S. Court of Federal Claims nor rights under the Contract Disputes Act, 41 U.S.C. § 601 et. seq. (CDA) because pursuant to 41 U.S.C. § 601(4) third party beneficiaries do not fall under the definition of contractor. Therefore, they cannot avail themselves of the provision of

the CDA which states, "A contractor may bring an action directly on the claim in the . . . [COFC]." Sallee v. U.S., 41 Fed. Cl. 509 (1998). However, I am including the standard final decision language, should you try to appeal this decision arguing that either the ASBCA or the U. S. Court of Federal Claims should take jurisdiction.

The standard final decision language reads: This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims within 12 months of the date you receive this decision.

Shirley Spratt
SHIRLEY SPRATT
Contracting Officer