IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**FLEXFAB, L.L.C.,** a Michigan Limited Liability Company, successor to Flexible Horizons International, Inc., d/b/a Flexfab

Plaintiff,

v.

**UNITED STATES OF AMERICA,**

the Defendant.

Case No. 02-1096 C

Hon. Lawrence J. Block

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

# TAB 3

IN THE UNITED STATES COURT
OF FEDERAL CLAIMS

- - - - -

| | |
|---|---|
| Flexflab, LLC, a Michigan Limited Liability Company, Successor to Flexible Horizons International, Inc., d/b/a Flexflab, | : |
| Plaintiff, | : |
| vs. | : Case No. 02-1096 C<br>: Lawrence J. Block |
| United States of America, | : |
| Defendant. | : |

- - - - -

**DEPOSITION OF SHIRLEY SPRATT**

- - - - -

Taken at Defense Supply Center
3990 East Broad Street
Building 20, Room A7255
Columbus, Ohio 43213
August 28, 2003, 8:31 a.m.

- - - - -

**Spectrum Reporting LLC**
**333 East Stewart Avenue**
**Columbus, Ohio 43206**
**614-444-1000**

- - - - -



A P P E A R A N C E S

ON BEHALF OF PLAINTIFF:

Mark E. Hills, Esq.
Varnum, Riddering, Schmidt, Howlett
Bridgewater Place, Post Office Box 352
Grand Rapids, Michigan 49501-0352

ON BEHALF OF DEFENDANT:

Claudia Burke, Esq.
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

ALSO PRESENT:

Vasso Monta



Thursday Morning Session
August 28, 2003, 8:31 a.m.

- - - - -

S T I P U L A T I O N S

- - - - -

It is stipulated by and between counsel for the respective parties that the deposition of SHIRLEY SPRATT, a witness herein, called by the Plaintiff for cross-examination, may be taken at this time by the notary pursuant to notice and by agreement of counsel: that said deposition may be reduced to writing in stenotypy by the notary, whose notes may thereafter be transcribed out of the presence of the witness; that proof of the official character and qualification of the notary is waived.

- - - - -



MR. HILLS: The record should reflect this is the deposition of Shirley Spratt, taken in the matter of Flexfab, LLC versus United States, United States Court of Federal Claims, Case No. 02-1096C.
We've set a number of depositions, and I think we're taking Ms. Spratt -- I don't remember where with respect to the time frame, but do you have any problem with the notice we got for her today?
MS. BURKE: No.
MR. HILLS: Thank you.
Just so we're clear, Ms. Monta, I understand you're the agency counsel?
MS. MONTA: Yes.
MR. HILLS: And you're here to observe today?
MS. MONTA: Yes.
MR. HILLS: You're not participating in the deposition?
MS. MONTA: No.
MR. HILLS: Okay. Thank you.

- - - - -

A. I told my husband I was doing the deposition.
Q. Okay. Did you know Anita Lulch?
A. Luich, yes, I do.
Q. Luich?
A. L-U-I-C-H.
Q. L-U-I-C-H?
A. Yes.
Q. On all these documents, it shows it was L. All right. You do know her?
A. Yes.
Q. And you're aware that she was involved with this contract?
A. Yes.
Q. All right. Have you spoken with her about this at all, either the deposition or the general nature of this case?
A. When all this was going on a year ago or whenever it was, yes. But, no, not in preparation for this.
Q. Can you tell me, Ma'am, your understanding of why we're here today?
A. My understanding is you are here because Capital City Pipe's subcontractor,



Flexfab, has a claim against the government for money Capital City Pipes did not pay them on this contract.
Q. Do you have an understanding of the nature of the materials or the product that Flexfab provided to the government?
A. I did, but I don't remember what it was.
Q. All right. Do you have any reason to believe that that wasn't provided and accepted by the government?
A. No.
Q. As part of your involvement in this matter, did you verify that, in fact, the products were provided to the government by Flexfab?
A. I verified the products were provided to the government.
Q. All right. Will you tell me when it was you first became involved with this contract?
A. I can't give you the date. It was probably 2000 when it started -- when the issue first started coming up about a problem with Flexfab and Capital City Pipes.
Q. You were not the pre-award contracting



officer for the contract?
A. That's correct.
Q. Based on how you -- or when you became involved, would you qualify as a post-award contract officer on this matter?
A. Yes.
Q. All right. Were you the first post-award contract officer?
A. No.
Q. All right. Who else was?
A. Melinda Jeffries.
Q. Anyone other than Melinda Jeffries?
A. Not that I'm aware of.
Q. Okay. Can you give me anymore specific idea, maybe by month, of when in 2000 you became involved?
A. No.
Q. Okay. Do you know what it was that prompted your involvement?
A. Yes.
Q. What was it?
A. I managed a post-award team. One of the contracting officers on my team, Phyllis Moore, had a similar situation with a contractor,



JGB Enterprises.
There were several contracts that she was working on that this issue came up, and then we were aware of this one, but it was in a different application group which is aerospace.
Q. This contract was?
A. This one, yes.
Q. Okay.
A. So I told aerospace I would handle it for them since we were also doing the JGB contract.
Q. Okay. Have you had involvement with the contracts dealing with JGB Enterprises?
A. Not direct involvement.
Q. All right.
A. My involvement was that I was the supervisor for Phyllis Moore.
Q. So what involvement did you have with the JGB Enterprise contract issues?
A. Reviewing for her, and I think J. Bernhardt called me a time or two regarding -- J. Bernhardt is JGB's president. He called me a time or two about the contract she had.
Q. Do you remember when that was?