IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**FLEXFAB, L.L.C.,** a Michigan Limited Liability Company, successor to Flexible Horizons International, Inc., d/b/a Flexfab

Plaintiff,

v.

**UNITED STATES OF AMERICA**,

the Defendant.

Case No. 02-1096 C

Hon. Lawrence J. Block

VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP
Perrin Rynders (P38221)
Mark E. Hills (P47524)
Attorneys for Plaintiff
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
(616) 336-7000 – Facsimile

Claudia Burke
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington DC  20530
Attn: Classification Unit
1100 L Street NW, 8th Floor
(202) 307-0277
(202) 514-8624 – Facsimile

# PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**


TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Flexfab is an Intended Third-Party Beneficiary of the DSCC's Contracts with Capital City .......... 1

B. The DSCC Breached its Implied in Fact Contract By its Failure to Remit Payment Directly To Flexfab .......... 6

III. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

Page

**Cases**

*Flexfab Inc. v. United States,*
Fed. Cl. No. 94-974, Feb. 8, 1996 ........ 5

*National Sur. Corp. v. United States,*
30 Fed. Cl. 420 (1994) ........ 3

*Schuerman v. United States,*
30 Fed. Cl. 420, 425 (1994) ........ 7

## I. INTRODUCTION

This brief contains Plaintiff Flexfab's Reply to Defendant's Response to Plaintiff's Cross-motion for Summary Judgment. For the reasons stated in Flexfab's initial brief in support of Flexfab's Motion for Summary Judgment, Flexfab's Response to Defendant's Cross-motion for Summary Judgment, and for the reasons stated below, judgment in favor of Flexfab is warranted pursuant to RCFC 56, as there are no genuine issues of material fact and Flexfab is entitled to judgment as a matter of law.[1]

## II. ARGUMENT

### A. Flexfab is an Intended Third-Party Beneficiary of the DSCC's Contracts with Capital City

The Government has failed to set forth any evidence demonstrating that the remittance address directing payment to Flexfab's account located in Grand Rapids, Michigan and contained in the June 29, 1999, Contract and September 27, 1999, Modification was not intended to benefit Flexfab. In stark contrast, Flexfab has presented undisputed facts (such as the Defendant's specific instructions that payment for the air ducting hose be remitted directly to the account located in Grand Rapids, Michigan), that the Defendant intended to benefit Flexfab. The Defendant does not dispute that its contract required it to remit payment to the Grand Rapids account. Nor has it presented any evidence suggesting that anyone besides Flexfab was the intended beneficiary of that contractual requirement.

There is no dispute that Flexfab, Capital City and C&S each intended that an escrow account ensuring Flexfab's receipt of direct payment from the Defendant, be

[1] Since Flexfab previously addressed many of the issues raised by the Defendant in its Response to Plaintiff's Cross-motion for Summary Judgment, Flexfab's Reply is limited to the issues not fully addressed in its prior briefs.

established to benefit Flexfab. In fact, the Defendant admits that it was required to remit payment directly to the escrow account located in Grand Rapids, Michigan. The only issue in dispute is whether the Defendant intended that its payments benefit Flexfab. The facts and circumstances all point to the conclusion that Flexfab is the party who was intended to benefit from the escrow account. Simply put, if the escrow account was not established for Flexfab's benefit, then for whose benefit was it established? The affidavit of Mr. Henry Cook demonstrates that the account was not established for either C&S or Capital City. Moreover, Capital City's requests that the contract be modified so as to require the Defendant to remit payment to an account located in Grand Rapids, Michigan and not to Capital City in Florida demonstrates that the account was not established for Capital City's benefit. The evidence, including the testimony of the Defendant's own agent, Mr. Taylor who acknowledged that the escrow account was intended to benefit Flexfab, demonstrates that the contractual language directing payment to the escrow account located in Grand Rapids, Michigan was intended to benefit Flexfab.

As shown in Flexfab's initial brief, Flexfab is an intended third-party beneficiary to Defendant's prime contract with Capital City under the "intention to benefit" test. The Defendant's intent to benefit Flexfab is demonstrated by the plain language of the controlling contract and the fact that the Defendant specifically changed the remittance address in both the June 29, 1999, Contract and the September 27, 1999, Modification to specifically require the Defendant to remit payment, not to Capital City, but to a corporate trust account located at a bank in Grand Rapids, Michigan. *See* Defendant's Response to Plaintiff's Proposed Findings of Fact, ¶ 40(undisputed).

The plain language of both the June 29, 1999, Contract and the September 27, 1999, Modification, evidence Flexfab's status as a third-party beneficiary. Alternatively, even if such intent was not apparent from the face of the June 29, 1999, Contract or the September 27, 1999, Modification, the circumstances surrounding the agreement, including the Defendant's own admissions, demonstrate the Defendant's intent to benefit Flexfab. *See National Sur. Corp. v. United States,* 30 Fed. Cl. 420 (1994) (court looks to surrounding agreement to determine parties intent were contract itself is unclear). Although the Defendant argues that Flexfab is not a third-party beneficiary because it did not know the reason for the change in the remittance address in both the original contract and the modification, a review of the undisputed facts contained in Defendant's Response to Plaintiff's Proposed Findings of Uncontroverted Fact alone demonstrate the Defendant's intent to benefit Flexfab. For example, the Defendant in its Response to Plaintiff's Proposed Findings of Uncontroverted Fact acknowledges that:

- Flexfab conducts all of its business with 8(A) Program and Small Disadvantaged Business contracts through an escrow account. *See* Defendant's Response to Plaintiff's Proposed Findings of Fact, ¶ 12(undisputed).

- Flexfab has frequently served as a subcontractor to C&S, and in each of its contracts with C&S, Flexfab has agreed to supply parts to the United States only if payment for its goods were made directly to Flexfab by way of a Flexfab controlled escrow account. The particular escrow account used by Flexfab and C&S was located at Old Kent Bank in Grand Rapids, Michigan. *See* Defendant's Response to Plaintiff's Proposed Findings of Fact, ¶¶ 9-11(undisputed).

- Flexfab also told Capital City that it would only agree to manufacture the air ducting hose needed by Capital City and the DSCC if an escrow account was established for its benefit. *See* Defendant's Response to Plaintiff's Proposed Findings of Fact, ¶ 9(undisputed).

- At the time that the DSCC entered into the June 29, 1999 contract, the DSCC knew that Flexfab was the manufacturer of the air ducting hose that Capital City had agreed to distribute to the DSCC. *See* Defendant's Response to Plaintiff's Proposed Findings of Fact, ¶ 22(undisputed).

- On September 27, 1999, a contracting officer for the DSCC executed modified contract P00001, which directed the DSCC to remit payment to Old Kent Bank Corporate Trust in Grand Rapids, Michigan. *See* Defendant's Response to Plaintiff's Proposed Findings of Fact, ¶¶ 38, 40(undisputed).

- On approximately January of 2000, Howard Crockett, an agent of the DSCC employed at the time as an inventory manager supporting supplies to the military services, requested that Flexfab expedite the delivery of the air duct to the government due to an urgent need by the United States Air Force. *See* Defendant's Response to Plaintiff's Proposed Findings of Fact, ¶ 45(undisputed).

- A government agent inspected the air ducting hose at Flexfab and accepted the air ducting supplied and delivered by Flexfab. *See* Defendant's Response to Plaintiff's Proposed Findings of Fact, ¶¶ 48, 49(undisputed).

- The DSCC, after its failure to direct payment into the escrow account as required by the June 29, 1999 contract and September 27, 1999 modification, engaged in efforts to ensure Flexfab received payment. *See* Defendant's Response to Plaintiff's Proposed Findings of Fact, ¶ 52("undisputed that DSCC engaged in efforts, after acceptance and payment had been made, to ensure that Flexfab received payment").

In addition to the abundance of undisputed facts identified in Flexfab's prior briefs, the above facts demonstrate that the remittance address contained in the original June 29, 1999, Contract and the September 27, 1999, Modification was included to benefit Flexfab and ensure that the Defendant received the air ducting hose that it urgently needed.

The Defendant continually states that although Mr. Taylor, in his role as an agent for the Defendant, admitted that the escrow was established to benefit Flexfab that such admission is irrelevant because Mr. Taylor did not have the authority to bind the Defendant. While the Defendant cites general case law for the proposition that an agent must have specific authority to bind another party, the Defendant has failed to set forth any case law supporting its broad statement that Mr. Taylor's knowledge is irrelevant to the determination of whether the Defendant intended to benefit Flexfab. While the plain language of the June 29, 1999, Contract and the September 27, 1999, Modification,

evidence the Defendant's intent to benefit Flexfab as they each specifically require the Defendant to remit payment, not to Capital City, but to an account located in Grand Rapids, Michigan, Mr. Taylor's knowledge and admission is further evidence of the Defendant's intent to benefit Flexfab.[2]

The Defendant's argument that this Court's grant of Summary Judgment in favor of Flexfab based upon its status as a third-party beneficiary in *Flexfab Inc. v. United States*, Fed. Cl. No. 94-974, Feb. 8, 1996, is inapplicable to the present case, is improper. While the Defendant acknowledges the significance of this Court's decision in *Flexfab Inc. v. United States*, Fed. Cl. No. 94-974, Feb. 8, 1996, the Defendant nonetheless argues that the present case is distinguishable due to the Government's differing levels of communication with Flexfab. The Defendant's argument is misplaced. While the Court in *Flexfab Inc. v. United States*, Fed. Cl. No. 94-974, Feb. 8, 1996, did ultimately determine that the circumstances demonstrated that the Government engaged in direct communications with Flexfab, the Government denied such communications as well as the circumstances surrounding the communications at the time. Nonetheless, the Court, based upon the circumstances surrounding the parties agreement determined that the Government did in fact intend to benefit Flexfab when it modified its contract with its prime contractor to identify Flexfab as the "mailee" for all payments. As it did in the prior case, the Defendant in this case denies the presence of circumstances or communications establishing Flexfab's status as a third-party beneficiary. The

---

[2] The Defendant states that Flexfab incorrectly stated that the DSCC knew of Capital City's payment problems prior to the execution of the controlling contract. *See* Defendant's Response, p. 8, fn. 4. Contrary to the Defendant's statement, the deposition testimony does demonstrate that the DSCC knew about Capital City's payment problems prior to the execution of the September 27, 1999, Modification. *See* Taylor Dep. pp. 45-45 lns 1-8, (APP-109)(stating that he was aware of Capital City's payment problems prior to the execution of the September 27, 1999, Modification).

Defendant's denial regarding the existence of such communications does not alter Flexfab's status as an third-party beneficiary entitled to Summary Judgment. As in the previous case, the controlling contract, the circumstances surrounding the execution of the original contract, the modification and the Defendant's direct communications with Capital City, Henry Cook, and Flexfab, demonstrate the Defendant's intent to benefit Flexfab.[3]

**B. The DSCC Breached its Implied in Fact Contract By its Failure to Remit Payment Directly To Flexfab**

Flexfab and the Defendant entered into an implied contract for the production and delivery of air ducting hose desperately and urgently needed by the Defendant. In exchange for Flexfab's agreement to produce and ship these parts directly to the Defendant, the Defendant agreed to send payment directly to Flexfab. Although Defendant argues that it had no direct contact with Flexfab regarding payment into Flexfab's escrow account, the facts demonstrate otherwise. For example, the June 29, 1999, Contract and the September 27, 1999, Modification clearly show that the Defendant agreed to remit payment to the address located at Old Kent Bank in Grand Rapids, Michigan. The absence of Flexfab's name over the remittance address is irrelevant because the Defendant was aware of Capital City's desire to direct payment not to their own address in Florida, but to an account located in Grand Rapids, Michigan. Flexfab's payment arrangement with Capital City was done for the benefit of the Defendant, which needed the air ducting hose in an expedited fashion. Flexfab would not

[3] Plaintiff's brief in part relies on the affidavit of Flexfab president Matt DeCamp. Defendant argues that Flexfab failed to identify Mr. DeCamp as a possible witness having knowledge of this case. Defendant's statement is incorrect as Flexfab identified Mr. DeCamp as an individual who may have discoverable information in its 26(a)(1) disclosures filed with this Court on March 19, 2003, attached hereto at Tab 1.

have provided the air ducting hose urgently needed by the Defendant absent such a payment agreement.

These facts and those set forth in Flexfab's Brief in Support of Motion for Summary Judgment, establish both the existence and breach of an implied in fact contract between Flexfab and the Defendant. *See Schuerman v. United States,* 30 Fed. Cl. 420, 425 (1994). An implied in fact contract requires the following four elements: 1) mutuality of intent; 2) lack of ambiguity; 3) an offer and acceptance; 4) and consideration. *See id.* at 426. In addition, "the facts and circumstances must demonstrate that the parties to the contract have taken it upon themselves corresponding obligations and liabilities and have come to a meeting of the minds." *See id*. (Internal quotations and citations omitted). As more thoroughly explained in Flexfab's Brief in Support of its Cross-motion for Summary Judgment, the facts and the contractual documents in this case demonstrate that each of these elements exists between Flexfab and the Defendant and indicate that Flexfab and the Defendant did in fact reach a "meeting of the minds," acceptable to both parties.

Although the facts and circumstances surrounding the parties' agreement demonstrate the presence of an implied in fact contract with Flexfab, the analysis of such contract is actually unnecessary in light of the abundant evidence demonstrating Flexfab's status as a third-party beneficiary. Nonetheless, the Defendant's admissions, the June 29, 1999, Contract, and the September 27, 1999, Modification each evidence the DSCC's assent to Flexfab's requirement of direct payment. Moreover, the Defendant's implicit or explicit assent to remit payment directly to Flexfab establishes privity of contract between the Defendant and Flexfab and gives rise to an implied contract. The

Defendant's failure to remit payment to the Flexfab controlled escrow account and its admitted erroneous payment to Capital City constituted a breach of its agreement with Flexfab, for which it is liable.

## III. CONCLUSION

For the reasons set forth above and in Flexfab's Brief in Support of Cross-motion for Summary Judgment, Flexfab respectfully requests that this Court grant Flexfab's Motion for Summary Judgment pursuant to RCFC 56 and deny the Defendant's Cross-motion for Summary Judgment because there are no genuine issues of material fact in dispute and Flexfab is entitled to judgment as a matter of law.

VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP

Date: May 7, 2004

By: /s/ Perrin Rynders
Perrin Rynders (P38221)
Mark E. Hills (P47524)
Business Address & Telephone:
Bridgewater Place/P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 7th day of May, 2004 a copy of the foregoing Plaintiff's Reply to the Defendant's Response to Plaintiff's Cross Motion for Summary Judgment was electronically filed with the U.S. Court of Federal Claims. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Perrin Rynders
Perrin Rynders

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**FLEXFAB, L.L.C.,** a Michigan Limited Liability Company, successor to Flexible Horizons International, Inc., d/b/a Flexfab

Plaintiff,

v.

**UNITED STATES OF AMERICA,**

the Defendant.

Case No. 02-1096 C

Hon. Lawrence J. Block

VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP
Perrin Rynders (P38221)
Mark E. Hills (P47524)
Attorneys for Plaintiff
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
(616) 336-7000 – Facsimile

Claudia Burke
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington DC 20530
Attn: Classification Unit
1100 L Street NW, 8th Floor
(202) 307-0277
(202) 514-8624 – Facsimile

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

# Tab 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**FLEXFAB, L.L.C.,** a Michigan Limited Liability Company, successor to Flexible Horizons International, Inc., d/b/a Flexfab

Plaintiff,

v.

**UNITED STATES OF AMERICA,**

Defendant.

Case No. 02-1096 C

Hon. Lawrence J. Block

**PLAINTIFF'S RULE 26(a)(1) DISCLOSURES**

VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP
Perrin Rynders (P38221)
Mark E. Hills (P47524)
Attorneys for Plaintiff
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
(616) 336-7000 – Facsimile

Kathleen Kohl
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington DC 20530
Attn: Classification Unit
1100 L Street NW, 8th Floor
(202)307/0277
(202)514-8624 -- Facsimile

Plaintiff Flexfab, L.L.C., by and through its attorneys, VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP, submits the following for its initial disclosures pursuant to RCFC 26(a)(1):

**(A) Individuals who may have discoverable information**

1. Matt DeCamp, c/o Plaintiff's counsel

2. Jeff Weiden, c/o Plaintiff's counsel

3. Kendrew Mueller, c/o Plaintiff's counsel

4. Lyle Claussen, c/o Plaintiff's counsel

5. Susan LaJoye
   505 West Marshall
   Hastings, MI 49058

6. Suzy Schmader
   421 West Bond
   Hastings, MI 49058

7. Sue Thompson
   7651 North 32 Street
   Richland, MI 49083

8. Henry Cook
   P.O. Box
   Cuthbert, GA 31740

9. Tomeka Sessions
   Capital City Pipes, Inc.
   Address presently unknown

10. Thelma Williams
    Capital City Pipes, Inc.
    Address presently unknown

11. Lee Gilliam
    Capital City Pipes, Inc.
    Address presently unknown

12. Shirley Spratt
    c/o Defendant's counsel

13. Anita Lulch
    c/o Defendant's counsel

14. Ms. Carolyn Mathews
    c/o Defendant's counsel

15. Malinda Jefffries
c/o Defendant's counsel

16. Michael Wilson
c/o Defendant's counsel

17. Other DSCC employees involved with the processing of the contract and modification documents and associated payments.

18. Michael Taylor
Address and telephone number currently unknown

**(B) Documents**

1. Contract No. SP0740-99-C-1004 and related modification documents

2. Escrow Agreement between Flexfab, C&S Industrial, and Old Kent Bank

3. Assignment and Assumption Agreement between Flexfab Horizons and Flexfab, L.L.C.

4. Affidavit of Henry Cook

5. Plaintiff's invoices and shipping documents

6. DD250 Material Inspection and Receiving reports

7. Correspondence to or from Capital City Pipes, Inc.

8. Correspondence to or from C&S Industrial Supply

9. May 30, 2001, Contract Disputes Act Claim Letter

10. June 27, 2002, Claim Denial Letter

11. Documents from previous government contracts demonstrating the course of conduct between the parties in payments for materials supplied by Plaintiff being made to an escrow account controlled by Plaintiff.

**(C) Damages**

$452,031.60, together with interest, costs, and attorney's fees. Documents supporting this damage computation are available for inspection and copying.

**(D) Insurance**

Not applicable for Plaintiff

VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP
Attorneys for Plaintiff

Dated: March 19, 2003

By: ______________________________

Perrin Rynders
Mark E. Hills
Business Address and Telephone:
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000